IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CATHY S. COLLINS,
Administratrix of the Estate of
ADAM RAY COLLINS, deceased,

           Plaintiff,

v.                              CIVIL ACTION NO. 3:22-0051

SAMSUNG MACHINE TOOLS COMPANY
n/k/a SMEC CO. LTD.,
DYNAMIC INTL OF WISCONSIN, INC., and
SMEC AMERICA CORP.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed two motions requesting to file her petitions for approval and compromise of her wrongful death claims against Defendants Dynamic Intl of Wisconsin, Inc. and SMEC America Corp. under seal. ECF Nos. 63 and 64.

Plaintiff's motions argue that sealing is appropriate because the petitions "contain the settlement amount and settlement information" that the settling parties "have designated as 'Confidential' as part of the terms of the settlement of this matter." ECF No. 63, at 1; ECF No. 64, at 1.

The Local Rules of Procedure for the Southern District of West Virginia provide that

> [t]he rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it. The rule may be abrogated only in exceptional circumstances.

Local R. Civ. P. 26.4(c)(1).

Accordingly, a motion to seal must but be supported by a memorandum of law that sets forth:

(A) the reasons why sealing is necessary, including the reasons why alternatives to seal, such as redaction, are inadequate;

(B) the requested duration of the proposed seal; and

(C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

Local R. Civ. P. 26.4(c)(2).

Plaintiff's motions fail to satisfy the requirements of Rule 26.4.

Accordingly, the Court **ORDERS** Plaintiff to file a memorandum of law for each motion setting forth why sealing is necessary and how it is proper in light of the First Amendment and the common law's presumption of public access. *See Dilliner v. General Motors, LLC*, No. 2:19-CV-00415, 2021 WL 665531, at *4 (S.D.W. Va. Feb. 19, 2021) ("[T]he party seeking to conceal the amount or terms of a settlement that requires judicial approval bears the burden of showing 'some significant interest that outweighs the presumption' of public access.").

In these memoranda, the Plaintiff should specifically address (1) why alternatives such as redaction are insufficient and (2) how sealing is appropriate given West Virginia Code § 55-7-7's mandate that wrongful death settlements be approved by the court. *See Haynes v. Grebinnyk*, No. 2:17-cv-04017, 2018 WL 1659478, at *2 (S.D.W. Va. Apr. 3, 2018) ("It is essential impossible for the public to judge the approval process in a given wrongful death case . . . if the terms of the settlement . . . are not spread upon the public record.").

Plaintiff's memoranda shall be filed on, or before, **Friday, October 6, 2023**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:   September 27, 2023

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE